### ZWICKEY *v.* SULLIVAN.

1. COVENANTS—BUILDING RESTRICTIONS—NOTICE.

    Representations by the platter to the purchasers of two lots that the restrictions imposed on their lots applied to the whole subdivision are insufficient to establish a general plan of restriction so notorious as to put all purchasers of property therein on inquiry.

2. INJUNCTION — COVENANTS—EVIDENCE—ADMISSIONS OF ONE DEFENDANT NOT ADMISSIBLE AS EVIDENCE AGAINST OTHERS.

    In a suit to restrain the building of an oil station in violation of alleged building restrictions, admissions by defendant grantor as to the existence of said restrictions may not be considered as evidence against the other defendants, purchasers of the lot.

---

¹Deeds, 18 C. J. §§ 462 (Anno), 463; ²Injunctions, 32 C. J. § 580.

Appeal from Wayne; North (Walter H.), J., presiding.    Submitted October 7, 1926.    (Docket No. 29.)
Decided January 3, 1927.

Bill by Cecil E. Zwickey and others against Daniel Sullivan and others to restrain the violation of building restrictions.    From a decree dismissing the bill, plaintiffs appeal.    Affirmed.

*Mark Farrell,* for plaintiffs.

*Routier, Nichols & Fildew,* for defendants.

WIEST, J.    This is a suit to restrain the completion and operation of a gasoline filling station at the corner of Dexter boulevard and Waverly avenue in Sullivan's Dexter boulevard subdivision of part of quarter section 13 of the 10,000 acre tract, in the city of Detroit, claimed to be in violation of building restrictions.    In the circuit the bill was dismissed for lack of evidence establishing the alleged restrictions, and plaintiffs appealed.    In behalf of plaintiffs it is contended that admissions in the pleadings supplied the needed evidence.

We have given consideration to admissions in the pleadings and still find the proofs short of the essential fact that defendants Gould and Sloan are violating restrictions imposed by any conveyance.    None of the defendants gave testimony.    Daniel Sullivan and Annie Sullivan, his wife, owned and platted the subdivision.    Plaintiffs have two lots, with their residences thereon, in the subdivision, on Buena Vista street near Dexter boulevard, and two blocks from the proposed gasoline station.

The deed from the Sullivans to plaintiffs contained building restrictions.    The extent to which residences have been built in the subdivision does not clearly appear; nor are restrictions in conveyances in general shown.    The east side of Dexter boulevard is in the

subdivision and is vacant property with the exception of the lot upon which the gasoline station is being erected.

When Daniel Sullivan sold lots to plaintiffs he stated the restrictions imposed applied to the whole subdivision, and in his separate answer set up that lot 14, on which the gasoline station was being erected, was sold on land contract containing like restrictions. Defendants Gould and Sloan, by joint answer, denied violation of building restrictions. The admissions in the answer of Daniel Sullivan cannot be employed as evidence establishing restrictions in the conveyance to defendants Gould and Sloan; neither can the representations to plaintiffs be held to establish a general plan of restriction so notorious as to put all purchasers of property in the subdivision on inquiry. Restrictions were not of record, except as they may have appeared in deeds to purchasers. · Outside of the admissions of Daniel Sullivan in his answer, we find no evidence of any restrictions upon the oil station lot. This want of proof is fatal to plaintiffs' case, for we cannot consider such admission as evidence against the other defendants, and without it we do not know whether they are violating restrictions or not. The land contract should have been before the court. Without the contract we cannot point out violations.

The case was tried on the claim of violations of restrictions imposed by the land contract, and the proofs fail to establish such a claim, or to authorize injunctive relief against defendants Gould and Sloan for any other reason. As stated by the circuit judge, plaintiffs may have a good cause but they have failed to establish it by proofs.

We are constrained to affirm the decree dismissing the bill, with costs to defendants.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.